JOURNAL ENTRY and OPINION
Appellant Nufloor Systems, a division of Technical Construction Specialties, Inc., appeals the judgment of the Berea Municipal Court in favor of appellee M. Eileen Butler on her small claims action. Appellant assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED IN SUBSTITUTING TECHNICAL CONSTRUCTION SPECIALTIES, INC. FOR EDWARD SHEELER AS THE DEFENDANT IN THIS ACTION WITHOUT FIRST REQUIRING THAT TCS BE SERVED WITH THE COMPLAINT
 II. BASED UPON THE TRIAL COURT'S FINDING OF FACT SET FORTH IN ITS JOURNAL ENTRY, THE VERDICT SHOULD HAVE BEEN IN FAVOR OF DEFENDANT
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. Initially, we note that a transcript of proceedings below is unavailable. However, appellant Nufloor chose not to provide this Court with a statement of the evidence, or an agreed statement of the proceeding as an alternative method of placing the trial court's proceedings before us for review pursuant to App.R. 9. We, however, gleaned from the documents in the record the apposite facts.
Appellant Nufloor Systems, a division of Technical Construction Specialties Inc. (Nufloor), entered into a contract with appellee M. Eileen Butler to provide a level floor system at a cost of $2,150.00. According to the contract, appellant Nufloor agreed to provide all labor, materials and equipment required to install the floor. The contract specified Nufloor would provide pump and prime service only. Appellee Butler agreed to provide other requirements such as permits, bonds, utilities, lighting, toilet, and trash facilities. Edward Sheeler, identifying himself as the general manager, signed the contract on behalf of appellant Nufloor.
In September 1997, Edward Sheeler and three other employees of appellant Nufloor poured the floor at appellee Butler's residence. Instead of providing a level floor, the one installed by appellant Nufloor sloped downward from the exterior walls.
On April 23, 1999, appellee Butler filed a small claims complaint naming "Ed Sheeler/Nufloor Systems" as the defendant and listing appellant Nufloor's address as "1337 Commerce Drive #4 Stow, Ohio 44224-1758". On May 4, 1999, the trial court mailed a mediation hearing notice to the address provided by appellee Butler. The notice scheduled the hearing for May 24, 1999 and included a statement of appellee Butler's claim against appellant Nufloor. No one from appellant Nufloor attended the mediation hearing. However, Ed Sheeler contacted the mediator after the hearing on May 24, 1999 by phone. The mediator noted "defendant has no interest in mediation". Unable to resolve the claim, the mediator referred the case back to the small claims court.
On May 25, 1999, the trial court issued a summons to Ed Sheeler at 3341 Cavalier Trail, Cuyahoga Falls, Ohio 44224. On June 22, 1999, Ed Sheeler, through counsel, moved for summary judgment or in the alternative, for dismissal on the grounds that as corporate officer of Nufloor he could not be held personally liable for the corporation's alleged breach.
At trial on September 3, 1999, the trial court, in response to Ed Sheeler's motion, substituted appellant Nufloor for Ed Sheeler as a party defendant, and proceeded to try the case. Following the trial, the court ordered Nufloor to pay Butler $750.00 plus court costs. This appeal followed.
In its first assignment of error, appellant Nufloor argues the trial court erred in substituting appellant Nufloor for Ed Sheeler as the real party in interest on the day of trial. Appellant Nufloor contends the trial court had not ordered that service be established as to appellant Nufloor and thus, lacked jurisdiction to enter judgment against appellant Nufloor. Appellee Butler, pro se, argues Ed Sheeler agreed to waive service on appellant Nufloor at the request of the trial court. (Nufloor did not provide a statement of the evidence or an agreed statement of proceedings for our review.)
When an appellant fails to provide the reviewing court with transcript, statement of evidence, or agreed statement of proceedings necessary for the resolution of assigned errors, "the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings". Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.
Under Civ.R. 4 "[t]he court within its discretion and upon such terms as are just, may at any time allow the amendment of any process or proof of service thereof, unless the amendment would cause material prejudice to the substantial rights of the party against whom the process was issued". Civ.R. 4.6(B). In the instant case, the record indicates that the first notice of the complaint was served upon Ed Sheeler at Nufloor's business address. The actual service of summons was sent to Ed Sheeler, general manager and owner of Nufloor, at a separate address. Civ.R. 4.2(F) permits the service of a corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation. Because Ed Sheeler is the owner and general manager of Nufloor, it is an inescapable inference that the corporation received actual notice on the prior date sufficient to eliminate any prejudice in maintaining its defense. Therefore, we conclude the trial court's correction of the service of process resulted in no material prejudice to appellant Nufloor. Accordingly, we overrule appellant's first assignment of error.
In its second assignment of error, appellant Nufloor argues the trial court erred in entering judgment for Butler based on the findings of fact in the trial court's journal entry. We disagree.
The court found that the appellant Nufloor installed a floor that sloped downward. Further, the court found that the "whole purpose of the contract was for Plaintiff to receive a floor that was reasonably level". Given these findings which go to the heart of the contract, we cannot say that the court erred in entering judgment in favor of appellee Butler.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
JOHN T. PATTON, P.J., and ANN KILBANE, J., CONCUR.